UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61528-Civ-SCOLA

BRYAN RAY et al.,

    Plaintiffs,
vs.

SPIRIT AIRLINES, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO STAY DISCOVERY

THIS MATTER is before the Court upon the Motion to Stay Discovery and the Deadlines Set Forth within this Court's August 7, 2012 Order Pending Ruling on Spirit's Motion to Dismiss [ECF No. 18], filed by Defendant Spirit Airlines, Inc. ("Spirit"). For the reasons explained below, this motion is denied.

### Introduction

This is a putative class action case brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO") that centers on Spirit's allegedly fraudulent and deceptive practice of collecting a so-called "Passenger Usage Fee" in connection with online ticket sales. Spirit has moved to dismiss the Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). By way of the instant motion, Spirit seeks a stay of discovery pending a ruling on its motion to dismiss. According to Spirit, Plaintiffs' claims will likely be dismissed and discovery, if allowed to proceed, will prove especially difficult and expensive. Therefore, the argument goes, no discovery should take place until the Court rules, lest Spirit face unwarranted costs and burdens.

### Legal Standard

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun,

unnecessary costs to the litigants and to the court system can be avoided."). This District's Local Rules make clear, however, that a stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule. *See* S.D. Fla. Local Rules, App. A, Discovery Practices Handbook I.D(5) (unilateral motions to stay discovery are generally denied). Indeed, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (Morris, J.).

To evaluate whether there is a strong likelihood "the [dismissal] motion will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at the merits of the motion. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (Corrigan, J.) (citations omitted). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery." *See id.* at 652 (citations omitted). Both concerns are important – while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53; *see also Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988) (Eliason, J.). Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness. *McCabe*, 233 F.R.D. at 685.

## Legal Analysis

Spirit requests a stay of the meet-and-confer requirement, mandated by this Court's initial case management order [ECF No. 5], and a wholesale stay of all discovery, until the Court rules upon its motion to dismiss.

First of all, there is no basis to stall the meet-and-confer requirement. In order to obtain a stay, "[t]he moving party must show a particular and specific need for [it], as opposed to making stereotyped or conclusory statements." *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (Chapman, J.). While Spirit complains that coordinating a discovery plan "will raise innumerable and complicated issues, and preparation for that effort would require substantial resources," it fails to offer any specifics. *See* Mot. at 6-7. In point of fact, little in the way of judicial or litigant economy would be saved by a stay of that requirement.

The Court's initial order does not impose burdens upon the parties that are particularly onerous or time consuming; it merely requires them to get together and discuss discovery and

other case issues and to file a Rule 26(f) report. The joint report is not meant to be a lengthy exposition, hyper-focused on every detail. Rather, it is merely designed to provide a general roadmap for the litigation and to identify potential problem areas of which the parties and the Court should be mindful as the case progresses. It also enables the Court to enter an appropriate scheduling order, which is integral to the Court's duty as coxswain of the litigation. The Court is not at liberty to abdicate its case management responsibilities just because the defendant files a motion to dismiss that may have merit. Thus, the Court will not excuse the parties from their obligation to meet-and-confer and file a joint report.

Nor will it grant a wholesale stay of discovery either. Dismissal of the case with prejudice is not a foregone conclusion. Spirit muses that Plaintiffs' RICO claims are "untested" and "comprised of allegations that have never been sustained against an airline," and regulation of airline price advertising falls into the exclusive domain of the Department of Transportation. Mot. at 5. The problem is, these arguments do no more than rehash Spirit's position, made in its motion to dismiss, that it should win. While the Court must conduct a "preliminary peek" at the motion and the Complaint to see whether the Plaintiffs' claims are likely baseless or dubious, *Feldman*, 176 F.R.D. at 652-53, the Court is not required to move Spirit's dismissal motion to the front of the line, ahead of other cases with pending motions, and fully adjudicate it on the spot. Such a requirement would be unfair to other parties, as well as to the Court.

Having preliminarily examined the motion to dismiss and the Complaint here, the Court cannot say that this case is surely destined for dismissal. Spirit advances several detailed arguments for dismissal, but Plaintiff also offers several detailed arguments in response.[1] Should Plaintiffs' claims prove as utterly meritless as Spirit suggests, Rule 11 may afford a remedy. *See Indus. Risk Ins. v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1448 (11th Cir. 1998); *but*

---

[1] The Court notes that Plaintiffs, in their response to the stay motion, have identified the wrong legal standard applicable to Rule 12(b)(6) motions. They state that "Spirit will not be able to demonstrate 'beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief,'" citing *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183. 1187 (11th Cir. 2004), in turn quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Since 2007, the "no set of facts" standard from *Conley* has been dead-letter law. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288-89 (11th Cir. 2010) ("In *Twombly*, the Supreme Court expressly 'retired' the 'no set of facts' pleading standard under Rule 8(a)(2) that the Court had previously established in *Conley v. Gibson*."). The pertinent inquiry today, in deciding a Rule 12(b)(6) motion, is whether a complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While not akin to a "probability requirement," this pleading standard requires a plaintiff to offer something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Despite getting it confused in their stay response, Plaintiffs appear to recognize in their dismissal opposition that *Twombly*, not *Conley*, controls. *See* Dis. Resp. [ECF No. 20] at 2 (citing *Twombly* and *Iqbal*).

*see Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) ("Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment."). This case may end in dismissal, but that outcome is not apparent enough after a "preliminary peek" to warrant an across-the-board stay of discovery right now – an outcome that is considered the exception, rather than the rule.

Moreover, Spirit has not identified in any specific and tangible way the unreasonable discovery burdens it will face absent a stay. *See Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (Cooke, J.). Instead, it resorts to bland generalizations such as: "[t]he scope and breadth of Plaintiffs' RICO allegations would require a substantial amount of discovery, nearly all of which would be borne by Spirit and its outside vendors"; and "Plaintiffs' claim that the RICO enterprise consists of numerous other *non-parties* further heightens the likely discovery burden on Spirit and also forces the imposition of similar discovery burdens on those non-parties"; and "if discovery were to proceed on Plaintiffs' RICO claim, Spirit's representatives on advertising, pricing, Department regulations, website management, and electronically stored date, as well as Spirit's external technology and communications vendors, would be enveloped in extensive discovery based on a single claim that may ultimately be dismissed with prejudice." Mot. at 6-7. Spirit also insinuates that discovery should be stayed simply because this a complex RICO case, as cases of this kind always involve burdensome and costly discovery. Reply at 6-7. These arguments won't do. They are premature and speculative: "extensive, expensive discovery has not yet proceeded and likely will not have proceeded very far by the time the Court issues a ruling." *Gannon v. Flood*, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (Dimitrouleas, J.). Because Spirit has not come forward with the kind of "specific showing of prejudice or burdensomeness" demanded by this District's Local Rules, no stay will issue. *See Bocciolone*, 2008 WL 2906719, at *2.

The Court is, of course, not unsympathetic to the sometimes unfair costs and burdens discovery can impose upon defendants where a case is ultimately dismissed for failure to state a claim. Even so, a stay of discovery should be a sparingly ordered thing. The decision in *Chudasama* is illustrative. There, the Eleventh Circuit held that the district court abused its discretion in compelling discovery and waiting over a year-and-a-half before ruling on a motion to dismiss, where the plaintiff's allegations of fraud appeared particularly meritless. *See Chudasama*, 123 F.3d at 1368-69. The Eleventh Circuit did not, however, prescribe "a broad rule that discovery should be deferred whenever there is a pending motion to dismiss." *See*

*Gannon*, 2008 WL 793682, at *1; *Romacorp, Inc. v. Prescient, Inc.*, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) ("Various courts have recognized that *Chudasama* does not stand for the broad proposition that a court must stay discovery when there is a pending motion to dismiss.").

Instead, the court of appeals confronted a very specific situation involving a threefold problem – unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed. *See Chudasama*, 123 F.3d at 1368-69. Thus, as many district courts have recognized, *Chudasama* involved particularly egregious facts which one hopes will be seldom, if ever, duplicated again. *See, e.g.*, *Gannon*, 2008 WL 793682, at *1; *Romacorp, Inc.*, 2011 WL 2312563, at *2. Here, by contrast, Spirit's motion was filed barely more than a month ago and has just now become ripe. "The procedural posture here is a far cry from the bizarre situation in *Chudasama*, and this Court has not unduly delayed any rulings in this case." *See Bocciolone*, 2008 WL 2906719, at *2. A reasonably timely ruling on Spirit's motion to dismiss should suffice to meet any looming threat of unwarranted discovery costs and burdens. *See Gannon*, 2008 WL 793682, at *1.

In the interim, nothing herein should be construed as a blank check for Plaintiffs to burden or harass Spirit with ridiculous discovery requests. Should that come to pass, the multitude of tools provided by the discovery rules remain at Spirit's disposal. Any appropriate motions seeking protection or relief from discovery may be addressed by the Magistrate Judge, under this Court's automatic reference of such matters. That will allow particularized discovery issues to be addressed and resolved on a case-by-case basis, which is a more prudent approach than an indiscriminate blanket stay of discovery.

## Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED and ADJUDGED** that Spirit's Motion to Stay Discovery [ECF No. 18] is **DENIED**. The parties shall meet-and-confer and file their joint report no later than **November 27, 2012**.

**DONE and ORDERED** in chambers, at Miami, Florida on November 9, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
Counsel of record