UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61528-Civ-SCOLA

BRYAN RAY et al.,

    Plaintiffs,
vs.

SPIRIT AIRLINES, INC.,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO
AMEND; GRANTING PLAINTIFFS' MOTION TO DROP PARTY;
AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**

THIS MATTER is before the Court on the Plaintiffs' Motion for Leave to Amend First Amended Class Action Complaint [ECF No. 33] and Plaintiffs' Unopposed Motion to Drop Plaintiff Bryan Ray as a Party [ECF No. 32]. These Motions were filed on February 20, 2013, which was the last day to amend the pleadings under the Scheduling Order [ECF No. 25]. The Defendant previously filed a Motion to Dismiss [ECF Nos. 14, 15].

Federal Rule of Civil Procedure 15(a) provides that, except in the two circumstances in which the plaintiff may amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). "[C]onsistent with Rule 15(a)'s mandate that 'leave shall be freely given when justice so requires,'" the Eleventh Circuit has held that "district courts should generously allow amendments even when the plaintiff does not have the right to amend the complaint." *See Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (citation omitted). If timely sought, leave to amend will usually be granted unless undue delay, undue prejudice, or futility would result. *See id.*

Here, Plaintiffs seek to drop Bryan Ray as a named Plaintiff, and the Defendant does not oppose this request. Plaintiffs also request leave to file a Second Amended Complaint that adds additional named Plaintiffs, adds additional details to their RICO allegations, and "slightly enlarge[s]" the class period. *See* Mot. to Am. ¶ 5. Defendant represents that "in the event that the Court will allow the pending Motion to Dismiss to be responsive to the proposed Second Amended Complaint, there may be no need to oppose the relief requested[.]" *See id.* at 3-4 (Local Rule 7.1(a)(3) Certification in Plaintiffs' Motion to Amend). Plaintiffs state that they are "willing to stipulate that Defendant's current Motion to Dismiss may be deemed responsive to its Second Amended Complaint & Jury Demand." *See id.* ¶ 6.

The Court finds no reason to disallow amendment here. As noted above, the starting point of the Court's inquiry is that leave to amend, when timely sought, ought to be freely and liberally given. *See Williams*, 477 F.3d at 1292 n.6. Although Defendants have not yet formally responded to Plaintiffs' request to amend, the Court need not wait. Plaintiffs have not unduly delayed in seeking amendment – leave was sought within the timeframe of the Scheduling Order. Also, Defendant will not be subjected to any undue prejudice, as the case is still in its infancy and the proposed changes to the pleading do not appear to drastically alter the scope of the case or claims involved. Finally, the Court cannot say that the proposed amendments are futile. Whether Plaintiffs' claims fail on the merits will be tested under Rule 12(b)(6).

"An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *See Kaloe Shipping Co. Ltd. v. Goltens Serv. Co.*, 315 F. App'x 877, 879 (11th Cir. 2009) (citation omitted). Thus, Plaintiffs' new Second Amended Complaint supersedes the prior iteration of their Complaint in this case. Because the Defendant's Motion to Dismiss is addressed to Plaintiffs' prior pleading, it must be denied as moot with leave to re-file. *See Taylor v. Alabama*, 275 F. App'x 836, 838 (11th Cir. 2008) (noting that when "Plaintiffs amended their complaint," the "Defendants' motion to dismiss became moot"); *Turquoise Props. Gulf, Inc. v. IberiaBank*, 2009 WL 2413058, at *1 (S.D. Ala. Aug. 3, 2009) (DuBose, J.) ("Because the plaintiff has amended the complaint, the motion to dismiss is denied without prejudice as moot because it is directed to the original complaint which no longer is the operative pleading before the court.").

Although the parties offer to stipulate that the current Motion to Dismiss may be deemed responsive to the new Second Amended Complaint, they are not at liberty to do so. Mootness is not a malleable doctrine subject to the parties' whims. *See, e.g.*, *In re Onco Inv. Co.*, 222 F. App'x 100, 103 (3d Cir. 2007) ("mootness cannot be overcome by agreement of the parties"). If Defendant believes that the Motion to Dismiss adequately responds to the new Second Amended Complaint in substance, it is free to simply re-file the document upon tailoring its references and styling to the new operative pleading.

Accordingly, for the reasons explained herein, it is hereby **ORDERED and ADJUDGED** that the Plaintiffs' Motion for Leave to Amend First Amended Class Action Complaint [ECF No. 33] and Plaintiffs' Unopposed Motion to Drop Plaintiff Bryan Ray as a Party [ECF No. 32] are both **GRANTED**. Plaintiffs shall separately file the new Second Amended Complaint on the docket, in accordance with the Local Rules, by **March 1, 2013**. Because the Second Amended Complaint supersedes the prior version of the Complaint, the Defendant's Motion to Dismiss and Motion for Hearing [ECF Nos. 14, 15] are both **DENIED AS MOOT**, with leave to re-file.

**DONE and ORDERED** in chambers at Miami, Florida on February 28, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record